UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:25-cr-00023-AB |
| v. | **INFORMATION** |
| **JERED JEREMIAH HAYWARD,** | 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A)(vii) & 846 |
| **Defendant.** | 18 U.S.C. § 1956(h) |
| | **Forfeiture Allegations** |

**THE UNITED STATES ATTORNEY CHARGES:**

**COUNT 1**
**(Conspiracy to Possess with the Intent to Distribute Marijuana)**
**(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii) & 846)**

Beginning in January 2020 and continuing through September 17, 2024, in the District of Oregon and elsewhere, **JERED JEREMIAH HAYWARD** and other persons whose identities are known and unknown, did knowingly and willfully combine, conspire, confederate and agree together, with each other, and with other persons known and unknown to manufacture, distribute, and possess with the intent to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana - a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vii) and 846.

**Information**                                                                                                           **Page 1**

**COUNT 2**
**(Conspiracy to Commit Money Laundering)**
**(18 U.S.C. § 1956(h))**

Beginning in January 2020 and continuing through September 17, 2024, within the District of Oregon and elsewhere, defendant **JERED JEREMIAH HAYWARD**, and other persons whose identities are known and unknown, did knowingly combine, conspire, confederate, and agree to commit offenses against the United States.

In violation of Title 18, United States Code, Section 1956, that is:

(a)    to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce and involving the proceeds of the unlawful distribution of a controlled substance, a specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b)    to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce and involving the proceeds of the unlawful distribution of a controlled substance, a specified unlawful activity, with the intent to promote the carrying on of specified unlawful activity, and knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

In violation of Title 18, United States Code, Section 1956(h).

/ / /

/ / /

## FIRST FORFEITURE ALLEGATION

Upon conviction of one or more of the controlled substance offenses alleged in Count 1 of this Information, defendant **JERED JEREMIAH HAYWARD** shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds defendant obtained, directly or indirectly, as a result of the said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation.

## SECOND FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Count 2 of this Information, defendant **JERED JEREMIAH HAYWARD** shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), any property, real and personal, involved in the offense and all property traceable to such property.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by

/ / /

/ / /

/ / /

18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

Dated: January 23, 2025.             Respectfully submitted,

                                                 NATALIE K. WIGHT
                                                 United States Attorney

                                               */s/ Kemp L. Strickland*
                                               KEMP L. STRICKLAND, OSB #961185
                                               Assistant United States Attorney
                                               CHRISTOPHER L. CARDANI, MASB #550609
                                               Assistant United States Attorney